Filed 3/10/16  In re J.F. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re J.F., a Person Coming Under the Juvenile Court Law. | C077569 |
| THE PEOPLE, | (Super. Ct. No. 69519) |
| Plaintiff and Respondent, | |
| v. | |
| J.F., | |
| Defendant and Appellant. | |

Minor J.F. appeals from a juvenile court order continuing him as a ward of the court and placing him on probation subject to a 360-day commitment to the San Joaquin County Camp.  Minor contends he is entitled to additional predisposition custody credit. We will modify the juvenile court's order awarding predisposition credit to award 66 days of predisposition credit, and affirm the order as modified.

1

BACKGROUND

We need not recount the facts of minor's offenses as such details are not relevant to the contention on appeal. It is sufficient to explain that on November 16, 2012, minor admitted allegations in a delinquency petition that he committed felony battery on a police officer (Pen. Code, § 243, subd. (c)(2)),[1] felony vandalism (§ 594, subd. (a)(2)), misdemeanor resisting an officer (§ 148, subd. (a)(1)), misdemeanor disorderly conduct (§ 647, subd. (f)), and misdemeanor unlawful use of a controlled substance (Health & Saf. Code, §§ 11550). The juvenile court granted deferred entry of judgment but subsequently lifted it when minor admitted an allegation in a second petition that he committed misdemeanor false imprisonment. (§ 236.) The juvenile court committed minor to 360 days at the San Joaquin County Camp, suspended execution of the commitment, and placed minor on probation.

Minor subsequently admitted violating probation. At the disposition hearing, the juvenile court lifted the stay on the commitment to the San Joaquin County Camp, awarded 39 days of predisposition credit, and reinstated probation.

DISCUSSION

Minor claims the trial court did not award the predisposition custody credit to which he was entitled. The Attorney General agrees and we do too.

Juveniles are entitled to precommitment credit for time spent in custody. (*In re Eric J.* (1979) 25 Cal.3d 522, 536.) Minor was in custody two times before the disposition hearing: from November 4, 2013 to December 2, 2013, a total of 29 days, and from August 6, 2014 to September 11, 2014, a total of 37 days. Accordingly, minor spent 66 days in predisposition custody. The juvenile court awarded 39 days of

---

[1] Undesignated statutory references are to the Penal Code.

predisposition credit, but we will modify the order to award 66 days of predisposition credit.

DISPOSITION

The order awarding predisposition credit is modified to award 66 days of predisposition credit.  The juvenile court's order is affirmed as modified.

/S/
Mauro, J.

We concur:

/S/
Nicholson, Acting P. J.

/S/
Butz, J.